IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREGORY ROCKHOUSE RANCH, INC.,

        Plaintiff,

vs.

                              No. 14-CV-0935-MV-LAM

FRED PEARCE, *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's [sic] Motion to Dismiss [Doc. 4]. Plaintiff responded [Doc. 11] and Defendants replied [Doc. 13]. For the reasons explained below, the Court will **DENY** the Motion without prejudice.

## DISCUSSION

### I.  Local Rule 7.1(a)

As an antecedent matter, the Court notes that although Defendants failed to comply with Local Rule 7.1(a), the Court will not deny the Motion on this basis. As both Plaintiff and Defendants correctly explain, dismissal under the rule is discretionary, rather than mandatory. *See* Doc. 11 at 4; Doc. 13 at 9-10. It is this Court's practice to deny dispositive motions very sparingly under this rule; generally, the Court will do so only if it becomes aware of the deficiency shortly after filing and if it is apparent that no significant prejudice will inure to the litigants. Stated simply, although the Court urges strict compliance with the local rules that obtain in this district, given that dispositive motions are, almost by definition, opposed, this Court generally elects to exercise its discretion to avoid the unduly harsh consequences of minor procedural errors.

II.  **Motion to Dismiss for Failure to State a Claim**

The dispute logically prior to the remaining disagreements at issue here is the naming and identity of the trust referred to in the case caption as the "Fred Pearce Trust."  *See* Doc. 1 at 1.  From the documents attached to the Complaint and the Plaintiff's Response, the Court sees evidence that at least two separate entities may exist:  the "Pearce Trust" and the "R.F. Pearce Trust."  The Court finds no trace of the name Fred Pearce Trust in these materials.  This jumble of entities is complicated by the fact that in the Complaint, while the caption lists the Fred Pearce Trust as a Defendant, the body of the pleading refers both to the Fred Pearce Trust and the Pearce Trust.  *See generally id*.  However, the document to which the Complaint cites to resolve some of this ambiguity lists only "1717 W JACKSON BLVD," instead of any Pearce-related trust, as the name of the taxpaying entity.  *See* Doc. 1-3.  Further, Defendants assert in their Motion that the "Fred Pearce Trust does not exist.  Fred Pearce has no connection whatsoever to an entity known as the Fred Pearce Trust as it relates to this lawsuit or to any other aspect [sic]."  Doc. 4 at 2.

In the face of this confusion, the Court is unwilling to make any factual determination as to whether these names refer to entities that are identical to, or interchangeable with, the Fred Pearce Trust named in the Complaint.  *Contra* Doc. 11 at 11.  Rather, in an effort to obviate potential issues that might emerge if this case were to result in a judgment against the Defendants, this Court will, prior to reaching a decision on the merits of the Motion, permit Plaintiff to re-plead its case so as to ensure that the proper parties are named in the governing complaint.  This will also provide Plaintiff an opportunity to furnish a more substantial jurisdictional statement regarding the monetary amount in controversy, as the current statement recites only a conclusory assertion that the requisite amount is satisfied in this case.  Thus,

although the Court will provisionally deny Defendants' Motion without prejudice, this merely represents a logistical expedient to clear the docket and permit the proper parties to be named in this action. Of course, Defendants will be permitted to renew their Motion after Plaintiff amends its Complaint.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's [sic] Motion to Dismiss [Doc. 4] is **DENIED WITHOUT PREJUDICE. IT IS FURTHER ORDERED** that Plaintiff has leave to file an amended complaint within thirty (30) days after entry of this Order.

Dated this 16th day of June, 2015.

_____
**MARTHA VAZQUEZ**
UNITED STATES DISTRICT JUDGE